IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CEASAR HOLLOWAY, | ) |
| Plaintiff | ) 1:23-CV-00278-SPB |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| SUPERINTENTDENT RANDY IRWIN,<br>CO. K. MILLER, SERGEANT ANDRES,<br>HEARING EXAMINER FISCUS, | ) REPORT AND RECOMMENDATION ON<br>) DEFENDANTS' PARTIAL MOTION TO<br>) DISMISS |
| Defendants | ) ECF NO. 25 |

I.   Recommendation

It is respectfully recommended that the Defendants' Partial Motion to Dismiss (1) all claims against Defendants in their official capacities; (2) all claims against Defendant Superintendent Irwin; (3) all claims based on alleged violations of DOC policy; and (4) Plaintiff's Fourteenth Amendment due process claim be GRANTED. It is further recommended that Plaintiff's Eighth Amendment "failure to protect" claim and Eighth Amendment claim based on the conditions of Plaintiff's confinement in the Restricted Housing Unit be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

II.  Report

A.   Relevant Background

Plaintiff Ceasar Holloway ("Holloway") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Facility at Forest ("SCI-Forest"). Holloway's Amended Complaint—the operative pleading before the Court—names four current or former SCI-Forest employees as Defendants: Superintendent Randy Irwin, Sergeant Andres,

CO K. Miller, and Hearing Examiner Fiscus (collectively, "Defendants"). The Amended Complaint asserts four claims pursuant to 42 U.S.C. § 1983: (1) an Eighth Amendment claim based on Defendants Andres and Miller's alleged failure to protect Holloway from an assault by another inmate on December 22, 2022; (2) an Eighth Amendment claim based on Defendants Andres and Miller's alleged use of excessive force against Holloway on December 22, 2022; (3) an Eighth Amendment claim based on the denial of medical care and decontamination after Andres and Miller deployed oleoresin capsicum (O.C.) spray against Holloway on December 22, 2022; and (4) a Fourteenth Amendment due process claim based on an allegedly false misconduct charge issued against Holloway following the December 22, 2022 incident. Although unclear, the Amended Complaint can also be construed to assert a claim or claims based on Defendants' alleged violations of DOC policies and an Eighth Amendment claim based on the conditions of Holloway's confinement in the Restricted Housing Unit ("RHU"). Holloway seeks compensatory and punitive damages as well as injunctive and declaratory relief. He has sued all Defendants in their individual and official capacities.

Defendants have moved to dismiss (1) all claims against them in their official capacities; (2) all claims against Defendant Superintendent Irwin based on his lack of personal involvement in any actionable conduct; (3) any claim based on alleged violations of DOC policy; and (4) Holloway's Fourteenth Amendment due process claim. *See* ECF Nos. 25, 26. Holloway has filed a response and brief in opposition to the motion. ECF Nos. 32, 33.

B.   Factual Allegations

The following facts are taken from the Amended Complaint and accepted as true for purposes of the Defendants' motion to dismiss. Holloway arrived at SCI-Forest on December 20, 2022. Two days later, on December 22, 2022, Corrections Officer Andres instructed Holloway to

2

pack up his belongings because he was being moved to a different cell. ECF No. 23, ¶¶ 2-4. While he was moving his property, Holloway was assaulted by another inmate "right in front of" Andres and Miller. *Id.*, ¶ 4. Andres and Miller opened his cell door which allowed the other inmate to enter and punch Holloway. *Id.*, ¶¶ 4-6. During this altercation, Andres sprayed Holloway in the face with O.C. spray, which incapacitated him and allowed the other inmate to continue the assault. Holloway was then taken to the RHU and placed in solitary confinement where he did not receive any immediate medical treatment or any means to decontaminate from his exposure to the O.C. spray. *Id.*, ¶ 7.

That same day, Defendants issued Holloway a DC-141 Part 1 misconduct report. *Id.*, ¶ 17. Hearing Examiner Fiscus conducted a hearing on the misconduct report on December 30, 2022. Fiscus dismissed the misconduct charge without prejudice and Holloway remained in the RHU. *Id.*, ¶ 19. Then, on January 14, 2023, Holloway was issued a new misconduct report DC-141 Part 1, which was also referred to the Hearing Examiner. Holloway alleges that C.O. Keeley, Sergeant Andres, and C.O. Miller re-wrote the misconduct report DC-141 Part 1 with a different staff member's version and based on falsified documents. *Id.* Holloway was found guilty of the misconduct on January 20, 2023. As a consequence, he was sanctioned to fifteen days in solitary confinement. *Id.*, ¶ 20.

C. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). In making its determination under Rule 12(b)(6), the

court is not opining on whether the plaintiff is likely to prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Finally, because Holloway is proceeding pro se, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery*

4

*v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

    D.    Discussion and Analysis

        1. All claims for money damages against Defendants in their official capacities should be dismissed with prejudice because they are barred by Eleventh Amendment immunity.

Holloway's Amended Complaint names all Defendants in both their individual and official capacities and seeks an award of compensatory and punitive damages against each Defendant. To the extent Holloway seeks such monetary relief against the Defendants in their official capacities, his claims are barred by the Eleventh Amendment, which proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities. *See Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651 (1974) (state employees acting in their official capacity). The DOC is a department of the Commonwealth of Pennsylvania. As such, it and its agents and employees in their official capacities are entitled to Eleventh Amendment immunity from monetary damages. *See Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019). Because all Defendants are DOC employees who acted within the scope of their employment, Holloway's claims for monetary relief against them in their official capacities should be dismissed with prejudice.

        2. All claims against Defendant Irwin should be dismissed based on lack of personal involvement or insufficiency of factual allegations to support the claim.

A defendant faces liability under 42 U.S.C. § 1983 only if he had "personal involvement" in the deprivation of the plaintiff's constitutional rights. *See Swint v. Oliver*, 2024 WL 2327980, at *4 (W.D. Pa. Apr. 29, 2024), *report and recommendation adopted*, 2024 WL 2319787 (W.D. Pa. May 22, 2024) (citing *Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013)). This

means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). Without specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g.*, *Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation); *Happel v. Bishop*, 2024 WL 1508561, at *9 (W.D. Pa. Feb. 22, 2024), *report and recommendation adopted*, 2024 WL 1003902 (W.D. Pa. Mar. 8, 2024).

Holloway's Amended Complaint refers to Defendant Irwin only twice. The first reference is in the caption, where Holloway identifies Irwin as having "overall SCI-Forest correctional official's and inmate's custody, care, and control." ECF No. 23., p. 1. The second reference is to Irwin's involvement in the grievance process: "Plaintiff received the Facility Manager's appeal response dated 5-17-23 for grievance #1013374 from Facility Manager Randy Irwin grievance officer decision denied Plaintiff Inmate's grievance appeal." *Id.* at p. 6. Neither allegation is sufficient to support Defendant Irwin's personal involvement in any alleged constitutional deprivation.

Holloway's allegation that Irwin has responsibility for the "overall" care of inmates at SCI-Forest fails to support a supervisory liability claim. The law recognizes two theories of supervisory liability. One theory imposes liability on a supervisor who "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and the other imposes liability where the supervisor "participated in violating plaintiff's rights, directed others to violate them, or,

as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010) (internal citation omitted). Holloway alleges no facts to support that Irwin maintained a policy or custom that caused a violation of his constitutional rights. *See, e.g.*, *Glenn v. McLain*, 2024 WL 4350272, at *6–7 (W.D. Pa. Sept. 30, 2024). And Holloway's bare allegations that Irwin had "overall" responsibility for the care of inmates at SCI-Forest does not support an inference that he had contemporaneous knowledge of and acquiesced in any alleged misconduct of the other defendants.

The second basis for Holloway's claim against Irwin is that he upheld the denial of a grievance. This allegation also fails to support Irwin's personal involvement. A prison official's mere participation in the prison grievance process "is insufficient to confer knowledge of or acquiescence to a constitutional violation." *Mearin v. Swartz*, 951 F. Supp. 2d 776, 782 (W.D. Pa. 2013). *See also Burton v. Wetzel*, 2023 WL 5831848, at *3 (M.D. Pa. Sept. 8, 2023) (holding that "[t]he 'after-the-fact' review of a grievance, or an inmate's dissatisfaction with a grievance response, do not establish the involvement of officials and administrators in any underlying constitutional deprivation.") (citation omitted).

Accordingly, all claims against Irwin should be dismissed.

3. Any claims based on alleged violations of DOC policy should be dismissed.

Holloway alleges that Defendants violated DOC policies by (1) Andres and Miller's use of O.C. spray against him without having a lieutenant present and without using a handheld video camera to record the incident, *see* ECF No. 23, p. 2; and (2) Defendants' involvement in Holloway being found guilty of a fabricated misconduct charge in violation of DOC policy DC-801, *see id.*, p. 5. These alleged policy violations do not support independent claims or bolster his other claims because DOC policies do not create rights actionable under § 1983. *See Stokes v. Houser*, 2023

WL 5489034, at *3 (M.D. Pa. Aug. 24, 2023) (citing *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (explaining, in the context of a § 1983 suit, that "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right") (footnote omitted). *See also Muata v. Hicks*, 2022 WL 2526692, at *2 (3d Cir. July 7, 2022) (holding that district court properly dismissed plaintiffs' claims that defendants were liable for their subordinates' failure to follow prison policies). To the extent the Amended Complaint presents claims based on alleged violations of DOC policies, they should be dismissed.

> 4. The Eighth Amendment deliberate indifference to medical needs claim should be dismissed.

Holloway alleges that he was denied medical treatment/decontamination after Andres' use of O.C. spray. ECF No. 23, p. 3. He submits that he had difficulty breathing for months afterward and burning in his eyes "for weeks." *Id.*, p. 5. But he fails to allege facts to support that any of the named Defendants had any involvement in denying him medical care after the O.C. spray incident. "[I]t is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights." *Binsack v. Lackawanna Cnty. Prison*, 438 Fed. Appx. 158, 160 (3d Cir.2011) (affirming dismissal of complaint where "it left the defendants having to guess what of the many things discussed constituted deliberate indifference on their part"). Because Holloway has not alleged facts to support the personal involvement of any Defendant in the denial of medical care, this Eighth Amendment claim should be dismissed.

> 5. Holloway's due process claim should be dismissed.

The Amended Complaint asserts a due process claim based on the misconduct reports issued against Holloway. After the initial misconduct report against him was dismissed without prejudice, Andres and Miller allegedly caused a second false misconduct report to be prepared and issued. Holloway was found guilty of the misconduct charged in this second report on January 20,

8

2023, which required him to remain in the RHU from December 22, 2022, to January 20, 2023. *Id.*, pp. 4-5. Holloway claims that the foregoing conduct violated his Fourteenth Amendment right to due process. *Id.*

The Fourteenth Amendment's Due Process Clause prohibits states from denying individuals "life, liberty[,] or property" without due process of law. *See* U.S. Const. amend. IXV. Procedural due process protection, however, "for a state created liberty interest ... is limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *See Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Here, the duration of Holloway's confinement in the RHU (less than a month) and the circumstances of that confinement were not sufficiently severe to trigger his due process rights. *See Sandin*, 515 U.S. at 486. Holloway has not alleged anything about his relatively brief confinement in the RHU that is atypical of conditions inmates should reasonably anticipate in prison. Indeed, much more serious deprivations than Holloway has alleged have been held not to implicate a liberty interest in this context. *See Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014) ("[T]he duration in segregated confinement that courts have found does not give rise to a liberty interest ranges up to two and one-half years."); *Fraise v. Terhune*, 283 F.3d 506, 522-23 (3d Cir. 2002) ("Although inmates who are transferred to the STGMU [Security Threat Group Management Unit] face additional restrictions, we hold that the transfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life."); *Griffin*, 112 F.3d at 708 (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [...] by a court of law" and

does not constitute a due process violation (quotation omitted)). Holloway's allegations therefore fail to implicate his due process rights.

Holloway's due process claim based on the filing of an allegedly false misconduct charge also fails because he received a hearing to contest the charges. Although the duration and conditions of Holloway's confinement did not trigger any liberty interest protected by the Due Process Clause, prison officials nevertheless afforded him constitutionally sufficient process to contest the misconduct charges against him. *See Glenn v. McLain*, 2024 WL 4350272, at *11 (W.D. Pa. Sept. 30, 2024); *Talley v. Griesmer*, 2023 WL 3002742, at *2 (3d Cir. Apr. 19, 2023) (per curiam) ("The filing of false disciplinary charges does not violate the Constitution as long as the inmate was granted a hearing and an opportunity to rebut the charges.").Holloway acknowledges that he was given an opportunity to address Defendant Fiscus, the Hearing Examiner, and defend against the charges. Due process would have required no more under the facts alleged in this case.           .

> 6. Holloway's Eighth Amendment "failure to protect" claim and any Eighth Amendment claim based on the conditions of his confinement in the RHU should be dismissed pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

Holloway's claims are "subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A because [Holloway] is a prisoner proceeding pro se and is seeking redress from a governmental employee or entity." *Sanchez v. Coleman*, 2014 WL 7392400, at *4 (W.D. Pa. Dec. 11, 2014) (citing *Stackhouse v. Crocker*, 266 Fed. Appx. 189, 190 (3d Cir. 2008)). See ECF No. 10. The Prison Litigation Reform Act ("PLRA") requires a district court to assess a civil complaint in which a prisoner proceeds in forma pauperis (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). *See e.g., Sanchez*, 2014 WL 7392400, at *4; *Hill v. Carpenter*, 2011 WL 8899478, at *2 (M.D. Pa.

Aug. 3, 2011), *report and recommendation adopted*, 2012 WL 3779364 (M.D. Pa. Aug. 30, 2012) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)) ("This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs given leave to proceed in forma pauperis in cases which seek redress against government officials."). Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based on an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination of whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

Holloway's failure-to-protect claim should be dismissed pursuant to the Court's screening authority because the facts alleged do not support it. Prison officials have "a duty to protect prisoners from violence at the hands of other prisoners." *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (citation omitted), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020). *Id.* (alteration in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state an Eighth Amendment failure-to-protect claim against a prison

11

official, the inmate must allege facts that plausibly support that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm." *Bistrian*, 696 F.3d at 367. In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). Actual knowledge or awareness of a substantial risk to an inmate's safety can be proven "in the usual ways, including inference from circumstantial evidence." *Id.* (quoting *Farmer*, 511 U.S. at 842).

Holloway alleges that Andres and Miller "opened his cell door," which allowed another inmate to enter the cell and punch him in the face. This allegation is insufficient to state a failure-to-protect claim against Andres and Miller because it does not support that either Andres or Miller knew facts that would have led a reasonable corrections officer to believe that the other prisoner presented an unreasonable risk to Holloway's safety. The facts alleged also fail to support an inference that either Andres or Miller had a reasonable opportunity to intervene to prevent the assault. To the contrary, as alleged, the Amended Complaint supports that the other inmate's attack was spontaneous and rapid. Because the facts alleged fail to support a plausible inference that Andres or Miller acted with deliberate indifference to an unreasonable risk to Holloway's safety, his failure-to-protect claim should be dismissed.

Holloway does not separate his claims into counts or otherwise clearly identify his claims. As noted, four claims are readily identifiable: (1) an Eighth Amendment claim based on Defendants Andres and Miller's alleged failure to protect Holloway from an assault by another inmate on December 22, 2022; (2) an Eighth Amendment claim based on Defendants Andres and

Miller's alleged use of excessive force against Holloway on December 22, 2022; (3) an Eighth Amendment claim based on the denial of medical care and decontamination after Andres and Miller deployed OC spray against Holloway on December 22, 2022; and (4) a Fourteenth Amendment due process claim based on an allegedly false misconduct charge issued against Holloway following the December 22, 2022 incident. However, certain allegations may be read as an attempt to state an Eighth Amendment claim based on conditions in the RHU. To the extent Holloway's Amended Complaint presents such a claim, it also fails and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

The Amended Complaint alleges that during Holloway's temporary placement in the RHU, he was denied contact with family and friends and experienced a chaotic environment and dirty showers while confined in the RHU. ECF No. 23, p. 5. These allegations fail to support a violation of Holloway's Eighth Amendment rights. To support an Eighth Amendment violation, "(1) the deprivation alleged must be, objectively, 'sufficiently serious,'" resulting in the "denial of 'the minimal civilized measure of life's necessities,'" and "(2) the 'prison official must have a sufficiently culpable state of mind.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 299, 302-303 (1991) (cleaned up)); *McClure v. Haste*, 820 Fed. Appx 125, 128 (3d Cir. 2020). Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Fantone v. Herbik*, 528 Fed. Appx 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). The first element is satisfied only if the plaintiff was incarcerated "under conditions posing a substantial risk of serious harm." *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (internal quotations omitted)).

Holloway has not alleged facts to support that the conditions of his confinement in the RHU presented an excessive risk to his health or safety. The Court of Appeals for the Third Circuit has consistently held that the conditions in restrictive housing in Pennsylvania prisons such as those described by Holloway do not, in and of themselves, violate the Eighth Amendment. *See Griffin*, 112 F.3d 703 (holding that the restrictive conditions in administrative custody in the Pennsylvania state correctional institutions, alone, do not violate the Eighth Amendment); *Williams v. Armstrong*, 566 Fed. Appx 106, 109 (3d Cir. 2014) (per curiam) (inmate failed to state an Eighth Amendment claim where "he [did] not allege that he was denied any of life's necessities, and the duration of his time in the RHU was 112 days"); *Johnson v. Burris*, 339 Fed. Appx 129, 131 (3d Cir. 2009) (holding that administrative segregation and loss of minor privileges cannot state a conditions of confinement claim). Therefore, any Eighth Amendment conditions of confinement claim asserted in the Amended Complaint should be dismissed.

E. Conclusion

It is respectfully recommended that the Defendants' partial motion to dismiss be GRANTED and the following claims should be dismissed: (1) all claims against Defendants in their official capacities; (2) all claims against Defendant Superintendent Irwin; (3) all claims based on alleged violations of DOC policy; and (4) Holloway's Fourteenth Amendment due process claim. In addition, Holloway's Eighth Amendment "failure to protect" claim against Andres and Miller and his Eighth Amendment claim based on the conditions of his confinement in the RHU should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

F. Leave to Amend

District courts generally must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim unless an amendment would be inequitable or futile.

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, any attempt to amend (1) Holloway's claims for money damages against the Defendants in their official capacities, (2) Holloway's claims based on violation of DOC policies, and (3) Holloway's dues process claim would be futile. Accordingly, these claims should be dismissed with prejudice.

As to the other claims recommended for dismissal, amendment may not be futile. Accordingly, Holloway's (1) claims against Defendant Irwin, (2) failure-to-protect claim against Andres and Miller, (3) Eighth Amendment claim based on deliberate indifference to medical needs claim, and (4) Eighth Amendment conditions of confinement claim should be dismissed without prejudice and with leave to file a second amended complaint within a time specified by the Court following adoption of this Report and Recommendation.

III.  Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days. Any party opposing the objections shall have fourteen days to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED and SUBMITTED this 29th day of October, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE