IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEASAR HOLLOWAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 1:23-cv-278 |
| ) | |
| **SUPERINTENDENT R. IRWIN,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM ORDER

This *pro* se civil action was commenced by Plaintiff Ceasar Holloway ("Plaintiff"), an inmate at the State Correctional Institution at Forest ("SCI-Forest"), who claims that various prison officials have violated his civil rights during the course of his confinement. Plaintiff's operative pleading is his Second Amended Complaint ("SAC"), ECF No. 36, directed against Superintendent R. Irwin, C.O. K. Miller, Sergeant Andres, and Hearing Examiner Fiscus (collectively, "Defendants"). The SAC includes six claims, as follows:

- a supervisory liability claim against Defendant Irwin at Count 1;

- an Eighth Amendment claim against Defendants Andres and Miller at Count 2, based on their alleged failure to protect Plaintiff from an assault perpetrated by another inmate on December 22, 2022;

- an Eighth Amendment claim against Defendant Andres at Count 3, based on the alleged use of excessive force;

- a First Amendment retaliation claim against Defendants Andres and Miller at Count 4, based on their actions following Plaintiff's request for assistance on December 22, 2022;

- an Eighth Amendment claim against Andres and Miller at Count 5, based on their alleged deliberate indifference to Plaintiff's serious medical need following the December 22, 2022 incident; and

- a Fourteenth Amendment procedural due process claim against Defendant Fiscus at Count 6.

1

The case has been referred to Chief United States Magistrate Richard A. Lanzillo for pretrial proceedings, in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Pending before the Court is the Defendants' motion to strike or, alternatively, to dismiss the SAC. ECF No. 40. On August 14, 2025, Judge Lanzillo filed a Report and Recommendation ("R&R") in which he opined that Defendants' motion to strike should be denied and their motion to dismiss should be granted in part and denied in part. Specifically, Judge Lanzillo recommended that the following claims be dismissed: (i) the supervisory liability claim against Defendant Irwin in Count 1; (ii) Plaintiff's failure-to-protect claim against Defendants Andres and Miller in Count 2, insofar as the claim is predicated on the Defendants' response to the initial assault perpetrated by Plaintiff's cellmate on December 22, 2022; and (iii) the procedural due process claim against Defendant Fiscus in Count 6. Viewing further amendment of these claims as futile, Judge Lanzillo recommended that they be dismissed with prejudice.

Judge Lanzillo recommended that Defendants' request for dismissal be denied as it relates to: (i) Plaintiff's excessive force claim against Defendant Andres in Count 3; (ii) Plaintiff's First Amendment retaliation claim against Defendants Andres, Miller, and Fiscus in Count 4; (iii) Plaintiff's Eighth Amendment claim against Andres and Miller for alleged deliberate indifference to Plaintiff's medical needs, as set forth in Count 5; and (iv) Plaintiff's failure-to-protect claim in Count 2, insofar as it is predicated on Defendants Andres' and Millers' response to the renewed assault perpetrated by Plaintiff's cellmate on December 22, 2022.

Plaintiff's objections to the R&R were due on or before September 2, 2025. By administrative order, the case was stayed beginning August 25, 2025, and the stay was lifted on

October 3, 2025. As of the present date, no objections have been received, nor has Plaintiff sought an extension of the deadline for filing objections to the R&R.

After *de novo* review of the operative Second Amended Complaint and documents in the case, including Defendants' motion to strike or dismiss and all documents related thereto, together with the Report and Recommendation, the following order is entered:

NOW, this 9th day of October, 2025, IT IS ORDERED that the Defendants' Motion to Strike or in the Alternative Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [40], is GRANTED in part and DENIED in part as follows:

1. The Motion to Strike the Second Amended Complaint is DENIED;

2. The Motion to Dismiss is GRANTED insofar as it relates to (i) Plaintiff's supervisory liability claim against Defendant Irwin in Count 1; (ii) Plaintiff's failure-to-protect claim against Defendants Andres and Miller in Count 2, insofar as that claim is predicated on the Defendants' response to the initial assault by Plaintiff's cellmate on December 22, 2022; and (iii) Plaintiff's procedural due process claim against Defendant Fiscus in Count 6.

3. The Motion to Dismiss is DENIED insofar as it relates to (i) Plaintiff's failure-to-protect claim against Defendants Andres and Miller in Count 2, insofar as that claim is predicated on the Defendants' response to the renewed assault by Plaintiff's cellmate; (ii) Plaintiff's excessive force claim against Defendant Andres in Count 3; (iii) Plaintiff's First Amendment retaliation claim against Defendants Andres, Miller, and Fiscus in Count 4; and (iv) Plaintiff's Eighth Amendment claim against Andres and Miller for alleged deliberate indifference to Plaintiff's medical needs, as set forth in Count 5.

IT IS FURTHER ORDERED that the claims set forth above in Paragraph 2 are DISMISSED with prejudice, inasmuch as Plaintiff has been given multiple chances to amend his pleading in this case, Plaintiff has been unable to state a viable cause of action based on the claims listed in Paragraph 2, and further amendment of those claims would be futile. Inasmuch as there are no remaining claims against Defendant Irwin, the Clerk is directed to terminate his status as a party in this case.

IT IS FURTHER ORDERED that the Report and Recommendation of Chief U.S. Magistrate Judge Lanzillo, issued on August 14, 2025, ECF No. [46], is adopted as the opinion of the court.

Finally, IT IS ORDERED that Defendants Andres, Miller, and Fiscus shall file their answer to the claims listed in Paragraph 3 above on or before **October 23, 2025**

SUSAN PARADISE BAXTER
United States District Judge